G., C. & S. F. R'y Co. v. Doran & Anderson.

(No. 5034.)

Pleading — Amendment.— Where the suit was originally brought to recover the land and for damages thereto, and the plaintiff by trial amendment pretermits the question of title, and relies upon the allegations of damages, such change in the pleading is not the assertion of a new cause of action.

Principal and agent — Liability.— A railway company is liable for injuries resulting from the negligence of contractors and their servants.

Appeal from Tarrant county.   Opinion by Watts, J.

Statement.— December 22, 1882, appellees brought this suit against appellant to recover the land described in the petition, and for damages resulting to the land and grow-. ing wheat by reason of the trespass.  By second or original petition they pretermitted the question of title and set up and sought to recover for the same items of damage first asserted, to wit: Damage to wheat, $150; time and labor in repairing fence, $30; damage to land by putting stone upon it, $100.   Appellees, by trial amendment, also set up and claimed $500 as exemplary damages, etc.   Appellant excepted to the amendment on the ground that a new cause of action was set up by it, and because the court had no jurisdiction; and, among other pleas, that the appellant had secured by deed from appellees the right of way across their land, and that the road was constructed by contract-ors over which the company had no control.  This plea was stricken out on exception, and appellant's exceptions to the trial amendment were overruled.

Cause tried May 3, 1883, without jury, and judgment ren-dered against appellant for $170.

Opinion.— By the amended petition, this suit had for its object the trial of the title to the land described in the same, and also to recover damages for injuries to appellant's crop, as well as the land, resulting from the trespass.   In a sub-sequent amendment, appellees pretermitted the question of title, but relied upon the allegations of damages resulting from the trespass, and sought a recovery therefor.   This change in the pleading was not the assertion of a new cause. of action, which would have authorized the court to adjudge the costs to that date against the appellees.

In the trial amendment it was alleged that appellant, through its servants and agents, wilfully and maliciously and in utter disregard of appellee's rights, and against their protests, pulled down and removed their fence, and in divers

ways harassed and vexed appellees, to their damage in the sum of $500 exemplary damages in addition to actual damages. The effect of the demurrer was to admit the truth of these allegations; that is, for the purpose of testing the sufficiency of the pleading to which the demurrer was directed. Thus tested, the allegations were sufficient to authorize a recovery for exemplary damages; and in cases where such recovery may be had, the amount to be awarded must be determined from the facts and circumstances of the case. Court did not err in overruling the demurrer to appellant's trial amendment. As appellees had conveyed the right of way to appellant, they thereby consented to a proper construction of the road-bed, and will be held to have waived all damages resulting from such construction. In fact, no claim is asserted by them for any other damages than for an improper construction and destruction of their fence, etc.

Appellant's answer, to which the demurrer was sustained, sought to avoid liability for the damages claimed, because the road was constructed across appellees' land by Roach & Tearney, independent contractors, for whose negligence, it is claimed, the appellants were not liable. In H. & G. N. R'y Co. v. Meador, 50 Tex., 77, the converse of this proposition is held to be the law.

In our opinion the court did not err in sustaining the demurrer to that part of appellant's answer.

Another objection urged to the judgment is that it is not supported by the evidence. This objection is not sustained by the record. There was no motion made to dismiss the case after the evidence was in, on the ground of improper allegations for the purpose of imposing upon the jurisdiction of the court; nor was that question otherwise made in the lower court, so as to require its consideration here.

JUDGMENT AFFIRMED.